**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KELVIN WALKER,

               Plaintiff,                           Case Number: 24-12730

                                                   Honorable Linda V. Parker

v.

THE DOW CHEMICAL
COMPANY,

               Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND/CORRECT (ECF No. 19)

This matter is before the Court on Defendant The Dow Chemical Company's ("TDCC") motion to amend or correct the complaint to substitute Dow Silicones Corporation ("Dow Silicones") as the true party in interest.[1] (ECF No. 19.) The motion is fully briefed. (ECF Nos. 20-21.) For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

---

[1] This is one of many complaints alleging racial discrimination by TDCC initiated by Attorney Carla Aikens on behalf of separate plaintiffs. (*See Walker v. Dow Chem. Co.*, Case No. 1:24-cv-12219, ECF No. 62, PageID.1531.) The issue of the proper identity of the plaintiffs' employer has been raised in many of these cases and generally involves comparable evidence and argument as in the present case. To the Court's knowledge, this is the first order addressing this issue.

I.      BACKGROUND

Kelvin Walker filed this action on October 16, 2024, bringing the following five causes of action: (1) racial discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("§ 1981"); (2) racial discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"); (3) retaliation in violation of ELCRA; (4) hostile work environment in violation of ELCRA; and (5) wrongful discharge in violation of public policy. (ECF No. 1.)

After significant negotiation between the parties, and failure to reach an agreement, TDCC filed this motion arguing it should be dropped from this litigation and substituted for Dow Silicones.  (ECF No. 19, PageID.144-147.) Specifically, TDCC argues that it did not employ Walker, Dow Silicones did.  (*Id.* at PageID.144.)  In support of this argument, TDCC provided documents showing that Dow Silicones is listed as Walker's employer on his: (1) 2023 W-2; (2) 2023 tax return; (3) earning statements; and (4) worker history.  (ECF No. 21-1.)

Walker disputes this allegation and has provided a declaration stating that "everyone was told that we worked for Dow Chemical, and all of our paperwork said Dow Chemical" and that the company was referred to as "Dow" or "Dow Chemical."  (ECF No. 20-1, PageID.245.)  Furthermore, Walker's complaint alleges that TDCC was his employer.  (ECF No. 1, PageID.7.)

2

## II.    STANDARD

The parties agree that this motion is governed by Federal Rule of Civil

Procedure 21, which provides that "the court may at any time, on just terms, add or

drop a party."  Though the rule does not explicitly permit substitution, most courts

agree that Rule 21 permits the substitution of parties in circumstances beyond

those contemplated by Federal Rule of Civil Procedure 25.  *McPherson v.*

*Amazon.com, Inc.*, No. 24-CV-602, 2025 WL 1689258 at *3 (W.D. Ky. June 16,

2025).

## III.    ANALYSIS

TDCC argues that the documents it submitted definitively establish that it

was not Walker's employer.  However, determining if an entity qualifies as an

employer for the purposes of claims under ELCRA involves the application of the

economic realities test.  *Phillips v. UAW Int'l*, 149 F. Supp. 3d 790 (E.D. Mich.

2016).  Michigan courts generally consider the following factors when applying

the economic realities test: "(1) [the] control of a worker's duties, (2) the payment

of wages, (3) the right to hire and fire and the right to discipline, and (4) the

performance of the duties as an integral part of the employer's business towards

the accomplishment of a common goal."  *Clark v. United Techs. Auto., Inc.*, 594

N.W.2d 447, 451 (Mich. 1999); *see also White v. Detroit E. Cmty. Mental Health*,

No. 314990, 2014 WL 3612708 at *4 (Mich. Ct. App. July 22, 2014).

TDCC addresses none of these factors in its briefing.  Furthermore, although Rule 21 has been applied in cases where defendants are "misnamed as a defendant or mistakenly named in place of a related entity" *McPherson*, 2025 WL 1689258 at *3 (collecting cases), in such cases the named defendant has generally either had no connection to the litigation or did not exist.  *Id.*; *Walsh v. Chubb*, No. 20-CV-00510, 2020 WL 8175594 at *8 (N.D. Ala. Oct. 21, 2020).  Unlike in *Teamsters Local Union No. 727 Health & Welfare Fund v. L & R Group of Companies*, 844 F.3d 649 (7th Cir. 2016) where the plaintiff sued a "rubric" which was essentially a nonexistent entity, in this case Walker has sued an existing corporate entity and there is a factual and legal dispute as to which entity was his employer.

Given the complex considerations required to find that TDCC was not Walker's employer, the Court finds that dropping TDCC from this case under Rule 21 is inappropriate.  The status of Walker's employment is more appropriately addressed through summary judgment or, if Walker pleads the alternative theories of liability discussed below, perhaps a motion to dismiss.  This is particularly true as TDCC has not cited any caselaw for the proposition that the documents submitted suffice to definitively determine Walker's employer for the purposes of ELCRA or § 1981.

As indicated, Walker also suggests he may seek to hold TDCC liable under a handful of alternative theories.  (ECF No. 20, PageID.241.)  In support he cites

4

cases from the Title VII context, where an entity that does not directly employ a plaintiff may still be considered an employer under the "single employer" and "integrated enterprise" theories. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997). The primary factors in determining if an entity qualifies as a plaintiff's joint employer include the "entity's ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their performance." *E.E.O.C. v. Skanska USA Bldg., Inc.*, 550 F. App'x 253, 256 (6th Cir. 2013) (citing *Carrier Corp. v. N.L.R.B.*, 768 F.2d 778, 781 (6th Cir. 1985).

However, Walker cites no caselaw from which the Court could definitively analogize these exceptions to his ELCRA claims at this time. Although "[c]laims of race discrimination brought under the ELCRA are analyzed under the same standards as claims of race discrimination brought under Title VII" *Dotson v. Norfolk S. R.R. Co.*, 52 Fed. Appx. 655, 657 (6th Cir. 2002) (citing *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999)), as discussed above, Michigan courts apply the economic realities test to determine if an entity qualified as an employer for the purposes of ELCRA, which is distinct from the common law agency test applied in the Title VII context. *See Phillips*, 149 F. Supp. 3d at 803-06; *Stewart v. Cnty. of Saginaw*, 736 F. Supp. 3d 527, 548 (E.D. Mich. 2024);

*Swallows*, 128 F.3d at 996 n.7; *Bates v. Dura Auto. Sys., Inc.*, 767 F.3d 566, 580 (6th Cir. 2014).

As the claims against TDCC would be dismissed without prejudice and Walker would have the ability to refile his case alleging his alternative theories of liability, it is more efficient to permit Walker to amend his complaint to clarify the theory of liability under which he seeks to hold TDCC liable.  Specifically, as his actual employer, through one of his alternative theories of liability, or both.

However, the Court also finds that given the existing factual dispute as to Walker's employer, Dow Silicones should be joined in this litigation.  TDCC has presented significant and compelling evidence which supports a finding that Dow Silicones was Walker's direct employer.  Consequently, to proceed without Dow Silicones would be both inefficient and unjust should it later be determined that TDCC was not Walker's employer.

## IV.   CONCLUSION

Consequently, for the foregoing reasons **IT IS ORDERED** that Defendant's motion to drop/amend is **GRANTED IN PART AND DENIED IN PART**. Specifically, **IT IS ORDERED** that within seven (7) days of this Opinion and Order, Plaintiff **SHALL FILE** an amended complaint naming both TDCC and Dow Silicones as Defendants and alleging the connection between the entities and the Plaintiff.  The amended complaint **SHALL SPECIFY** whether Walker seeks to

hold TDCC liable as his actual employer, through an alternative theory of liability,

or both.

      **SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 23, 2025